**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Diana Bright, Respondent,

v.

Craig Jeremy Bright, Appellant.

Appellate Case No. 2021-001318

———————————

Appeal From Beaufort County
Gerald C. Smoak, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-037
Submitted January 1, 2023 – Filed February 1, 2023

———————————

**AFFIRMED**

———————————

Jason Scott Luck, of Luck VI Ltd. Co. d/b/a Jason Scott
Luck, Attorney at Law, of Bennettsville, for Appellant.

Bess Jones DuRant, of Sowell & DuRant, LLC, of
Columbia, for Respondent.

———————————

**PER CURIAM:** Craig Jeremy Bright (Husband) appeals a family court order
confirming an arbitration award, arguing the family court lacked jurisdiction to
confirm the award because (1) a motion to modify or vacate the award was
pending before the arbitrator and (2) the arbitration affected children's issues,

which by law are exempt from arbitration.  We affirm pursuant to Rule 220(b), SCACR.

1.  Although Husband moved before the arbitrator to modify or vacate the award in a timely manner and this motion was arguably still pending when Respondent Diana Bright (Wife) applied for confirmation of the award, we hold the family court correctly exercised jurisdiction in confirming the award and in adjudicating Husband's motion to have the award remanded to the arbitrator or vacated.  *See* S.C. Code Ann. § 15-48-180 (2005) ("The making of an [arbitration] agreement . . . confers jurisdiction on the court to enforce the agreement under this chapter and to enter judgment on an award thereunder."); S.C. Code Ann. § 15-48-120 (2005) (providing that if "imposed grounds are urged for vacating or modifying or correcting the award" in a timely manner, "*the court* shall proceed as provided in [sections] 15-48-130 and 15-48-140 [of the South Carolina Code (2005)]" (emphasis added)); S.C. Code Ann. § 15-48-130(a) (2005) (stating an arbitration award can be vacated only under limited circumstances that do not include "the fact that the relief was such that it could not or would not be granted by a court of law or equity"); S.C. Code Ann.  § 15-48-140(a) (2005) (allowing the court to modify or correct an arbitration award only in the event of (1) "an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award"; (2) an award on a matter not submitted to the arbitrator that may be corrected without affecting the merits of the decision regarding properly submitted issues; and (3) imperfections in the award as a matter of form "not affecting the merits of the controversy"); S.C. Code Ann. § 15-48-140(b) (2005) (allowing the court, when granting an application for confirmation of an award, "to modify and correct the award so as to effect its intent . . . .").

2.  Husband also argues the family court should have granted his motion to remand the award to the arbitrator for modification of the award or, in the alternative, to either vacate the award and conduct a de novo hearing or vacate the award altogether.  We disagree.  Husband's challenges to the arbitration award concerned the evidence on which the arbitrator relied, her decision to divide the assets at issue in kind, and her allocation of these assets between the parties.  None of his complaints concerned circumstances that would warrant vacating the award under section 15-48-130 or modifying or correcting it pursuant to section 15-48-140. Therefore, we hold the family court correctly denied Husband's motion.  *See Kosciusko v. Parham*, 428 S.C. 481, 503, 836 S.E.2d 362, 374 (Ct. App. 2019) ("[A]ll of the grounds for vacating an arbitration award under section 15-48-130

involve the fairness of the arbitration proceedings themselves, not the merits of the award.").

3. Husband further argues that even though the arbitrator, in apportioning the marital property, exceeded her jurisdiction because the award would indirectly affect the parties' minor children. We disagree. Husband expressed only a vague hope that the appreciation of a particular marital asset that was awarded to Wife would benefit the parties' children if it had been awarded to him; however, there was no evidence the children would receive such a benefit while they were still minors. *See Singh v. Singh*, 434 S.C. 223, 232, 863 S.E.2d 330, 334 (2021) ("Parents may not attempt to circumvent *children's* rights to the protection of the State by agreeing to binding arbitration with no right of judicial review." (emphasis added)).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.